

**The following constitutes the order of the Court.**

Signed August 10, 2005    United States Bankruptcy Judge

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF TEXAS
AMARILLO DIVISION

| | | |
|---|---|---|
| IN RE: | § | |
| | § | |
| JNS AVIATION, LLC, | § | CASE NO. 04-21055-RLJ-7 |
| | § | |
| DEBTOR | § | |

## MEMORANDUM OPINION

Nick Corp. seeks a summary judgment on the objection to its claim filed by J. Malcolm Shelton IV and James N. Shelton (jointly the "Sheltons"). A hearing on the motion was held June 20, 2005. The Court has jurisdiction over this matter under 28 U.S.C. § 1334(b); this is a core proceeding pursuant to 28 U.S.C. § 157(b)(2).

JNS Aviation, LLC ("JNS Aviation") filed this chapter 7 case on September 2, 2004. Nick Corp. filed its proof of claim asserting an unsecured claim of $787,885.28, on February 25, 2005. On March 25, 2005, the Sheltons filed their objection to Nick Corp.'s claim. Nick Corp.'s claim is based on a default judgment in the amount of $1,800,000 that it obtained against JNS

Aviation on June 12, 2002, in the United States District Court for the District of Delaware (the "Delaware judgment"). Nick Corp.'s proof of claim represents the Delaware judgment, with adjustments for improvements to, and usage and sale of, an airplane that was the subject matter of the lawsuit.

The Sheltons are equity security holders of the debtor JNS Aviation. James N. Shelton was the managing member of JNS Aviation. His deposition testimony reflects that he had actual knowledge of the lawsuit against JNS Aviation but elected not to contest the suit thereby allowing Nick Corp. to obtain judgment by default.

On February 12, 2004, Nick Corp. filed a lawsuit in the United States District Court for the Northern District of Texas, Amarillo Division, alleging claims for, among other things, fraudulent transfers made from JNS Aviation to JNS Aircraft Sales, LLC and/or the Sheltons (the "Fraudulent Conveyance Suit"). After JNS's bankruptcy filing, the suit was referred to this Court.

Nick Corp. argues that the Delaware judgment, under principles of res judicata, precludes the Sheltons, either in their capacity as equity security holders or on behalf of the bankruptcy estate, from disputing the validity of its claim. The Sheltons contend that they, as parties in interest, are entitled to object to Nick Corp.'s claim on the basis that are representing the so-called "bankruptcy estate" and are not bound by res judicata as they were not a party to the Delaware suit.

**Summary Judgment Standard**

Summary judgment is proper if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, and other matters presented to the court

show that there is no genuine issue of material fact and that the moving party is entitled to a judgment as a matter of law. *Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23 (1986); *Anderson v. Liberty Lobby Inc.*, 477 U.S. 242, 250 (1986); *Washington v. Armstrong World Indus., Inc.*, 839 F.2d 1121, 1122 (5th Cir. 1988). On a summary judgment motion the inferences to be drawn from the underlying facts must be viewed in the light most favorable to the party opposing the motion. *Anderson*, 477 U.S. at 255. A factual dispute bars summary judgment when the disputed fact is determinative under governing law of the issue before the court. *Id.* at 250. The movant bears the initial burden of articulating the basis for its motion and identifying evidence which shows that there is no genuine issue of material fact. *Celotex*, 477 U.S. at 322. The respondent may not rest on the mere allegations or denials in its pleadings but must set forth specific facts showing that there is a genuine issue for trial. *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 586-87 (1986).

**Standing**

Nick Corp. begins its argument by stating that the Sheltons, as shareholders of JNS Aviation, lack standing to object to its proof of claim. It contends that the Fraudulent Conveyance Action is the only asset of the estate. The Sheltons, as defendants in the Fraudulent Conveyance, are, according to Nick Corp., merely attempting to protect themselves by objecting to Nick Corp.'s claim. This argument presumes, apparently, that the Fraudulent Conveyance Action goes away if Nick Corp.'s claim is defeated.

The Bankruptcy Code provides that "parties in interest" may object to any claim filed in the bankruptcy. *See* 11 U.S.C. § 502(a). Section 1109 of the Code defines a party in interest to include "the debtor, the trustee, a creditors' committee, an equity security holders' committee, a

creditor, an *equity security holder*, or any indenture trustee" and gives said parties the right to "appear and be heard on any issue in a case under this chapter." 11 U.S.C. § 1109 (emphasis added). As the Eleventh Circuit stated in *Westwood Association Community Two, Inc.*, "[d]espite the fact that Chapter 7 does not define party in interest, the First Circuit recognized that the right for a party in interest to be heard in a bankruptcy proceeding, as set out in Chapter 11, also applies in a Chapter 7 case." *In re Westwood Cmty. Two Assoc., Inc.*, 293 F.3d 1332, 1337 (11th Cir. 2002) (citing *In re Mailman Steam Carpet Cleaning Corp.*, 196 F.3d 1, 5 (1st Cir. 1999). The Court is satisfied that the Sheltons, as equity security owners of the debtor, have standing to object to Nick Corp.'s proof of claim.

## Res Judicata

As the United States District Court for the District of Delaware issued the underlying default judgment, the federal doctrine of res judicata governs this case. *Aerojet-General Corp. v. Askew*, 511 F.2d 710, 715-16 (5th Cir. 1975) (mandating federal res judicata application for federal question and diversity cases). Under federal law, res judicata applies if (1) the parties in both suits are identical or privity exists; (2) the prior judgment was rendered by a court of competent jurisdiction; (3) there is a final judgment on the merits; and (4) the same cause of action is involved in both cases. *Southmark Corp. v. Coopers & Lybrand* (*In re Southmark Corp.*), 163 F.3d 925, 934 (5th Cir. 1999).

"It is a fundamental principle of American jurisprudence that a person cannot be bound by a judgment in litigation to which he was not a party." *Meza v. Gen. Battery Corp.*, 908 F.2d 1262, 1266 (5th Cir. 1990). Yet, where there is sufficient identity between parties in the prior and subsequent suits, federal courts have nevertheless held that in certain circumstances this privity

can bind persons who were not technically a party to the litigation in question. *Id.* In this regard, privity applies in three narrow circumstances: (1) where the non-party is the successor in interest to a party's interest in property; (2) where the non-party controlled the prior litigation; and (3) where the non-party's interests were adequately represented by a party to the original suit. *Id.*

The Sheltons contend there is no identity of parties or privity.[1] They argue that because the Delaware District Court granted a default judgment against the debtor JNS Aviation, rather than the debtor's bankruptcy estate, res judicata is inapplicable. The Sheltons maintain that they act on behalf of the bankruptcy estate and thus on behalf of all creditors—that "it would be patently unfair and an abuse of the bankruptcy system as a whole to allow one creditor's excessive claim … to be binding on all other parties in a bankruptcy proceeding." Resp. at 1. The Sheltons direct the Court to the Fifth Circuit decision in *Ingalls v. Erlewine* for the proposition that because the bankruptcy estate could not have been a party to the action against the debtor, and thus not in privity with the debtor regarding the Delaware litigation, no identity of the parties exists to warrant application of res judicata. *See Ingalls v. Erlewine*, 349 F.3d 205, 209 (5th Cir. 2003).

The Court views *Erlewine* to stand for a narrower proposition. In *Erlewine*, the Fifth Circuit considered whether a chapter 7 trustee was barred by res judicata from bringing a fraudulent conveyance action under section 548 of the Bankruptcy Code against the debtor's

---

[1] The Sheltons also argue that "Nick Corp's alleged claim has never been litigated as to either liability or amount." Resp. at 1. It is settled Fifth Circuit law that where a party's collateral attack on personal and subject matter jurisdiction of a court's previously entered default judgment fails, or, as in this case, the party's personal and subject matter jurisdiction in the default judgment is undisputed, "the default judgment becomes no less final and determinative on the merits of the controversy than a decree entered after full trial." *Hazen Research, Inc. v. Omega Minerals, Inc.*, 497 F.2d 151, 153 (5th Cir. 1974).

former husband for the former husband's receipt of a disappropriate share of marital property under a prior state court divorce decree. The Fifth Circuit stated:

> 'We are of the view that the Trustee is not bound, either on res judicata or judicial estoppel, by the prior state court proceedings. The Trustee is, of course, a successor in interest of the Bankrupt for many purposes. But he is much more both in the extraordinary rights with which the Bankruptcy Act invests him, and as a general representative of the creditors.'

*Id.* (quoting *Coleman v. Alcock*, 272 F.2d 618, 621-22 (5th Cir. 1959). The crux of this passage is the "extraordinary rights" that the Bankruptcy Code grants to the trustee. Because of such rights, which the Code does not generally grant to other parties in interest, the court in *Erlewine* released the trustee from the binding principles of res judicata and collateral estoppel. The court recognized that a trustee is specifically empowered under section 548 of the Code to avoid a fraudulent transfer of an interest of the debtor in property that was made or incurred on or within one year before the date of the filing of the petition. 11 U.S.C. § 548(a)(1). The debtor, as opposed to a debtor-in-possession[2], may not bring such an action barring a specific grant of power under the Code.[3] In the same manner, the *Erlewine* court, in lifting the trustee from the

---

[2]Section 1101 of the Code, which applies in chapter 11 proceedings, provides that a debtor-in-possession means the debtor except when a trustee has been appointed.

[3] The Code contains a specific grant of such right under section 522(h), which provides as follows:

The debtor may avoid a transfer of property of the debtor or recover a setoff to the extent that the debtor could have exempted such property under subsection (g)(1) of this section if the trustee had avoided such transfer if—

(1) such transfer is avoidable by the trustee under section 544, 545, 547, 548, 549, or 724(a) of this title or recoverable by the trustee under section 553 of this title; and
(2) the trustee does not attempt to avoid such transfer.

11 U.S.C. § 522(h). Congress thus expressed its intent to grant another party, there the debtor, powers reserved to the trustee in section 548 of the Code.

preclusive effect of res judicata and collateral estoppel, viewed the facts before it in light of the identified extraordinary powers of the trustee.

Consequently, the Court must determine whose interest or "rights" the Sheltons assert in objecting to Nick Corp.'s claim. They purport to represent the "bankruptcy estate" and thus the interests of all unsecured creditors, which obligation typically lies with the chapter 7 trustee. This obligation and the powers afforded a trustee to assist him in fulfilling this obligation are recognized in several provisions of the Code. Under section 544, the trustee has the power of a lien creditor and of a successor to certain other creditors and purchasers; under section 545, a trustee may avoid the fixing of certain statutory liens; under sections 547 and 548, a trustee may set aside preferences and fraudulent conveyances. An equity security holder is not vested with such comparable rights or powers. The Sheltons, though supposedly acting on behalf of all creditors and the bankruptcy estate as a whole, may not assert rights specifically granted to the trustee without correlating language in the Code. By objecting to Nick Corp.'s claim, the Sheltons can only be asserting JNS Aviation's, the debtor's, position. They literally stand in the debtor's shoes. The Sheltons have not identified any specific claim or defense *they* hold as equity security holders that would defeat Nick Corp.'s judgment. Though they enjoy standing to assert their objection to the claim of Nick Corp., they do not enjoy the special powers that the *Erlewine* court recognized is afforded a trustee. Were this case brought outside a bankruptcy proceeding, the Sheltons would be barred from collaterally attacking the judgment. Within the confines of the Bankruptcy Code, the Sheltons have standing to be heard and to object to Nick Corp.'s claim; they are not, however, under the circumstances of this case, afforded any special set of

substantive rights, similar to those enjoyed by the trustee, that frees them from the effect of res judicata.

## Amount of Nick Corp.'s Claim

As noted, Nick Corp.'s claim represents the default judgment of $1,800,000 as adjusted by credits for usage and sale of the airplane, resulting in an unsecured claim of $787,885.28. The Court finds that material issues of fact remain on this issue.

## Conclusion

Upon the foregoing, the Court grants Nick Corp.'s motion in part by holding that the Sheltons are barred from challenging the validity of the Delaware judgment. The motion is denied to the extent it requests judgment for the *amount* of Nick Corp.'s claim.

### End of Memorandum Opinion ###